The opinion of the Court was delivered by
Johnston, Ch.
There is little in that clause of the assignment in which the plaintiff’s claim is provided for to countenance the defendants’ position, that the interest on this demand was intended to be excluded.
The memorandum cheque given to the plaintiff on the 17th of January preceding the assignment, for the money borrowed from him, was for the sum of $4,328.23 — made presently due. In the assignment, which was executed, Nov., 1852, it was declared to be in trust for paying and satisfying the demands of claimants “for the following causes of indebtedness” in the order prescribed; and in the second class of claimants, for “borrowed money” is included “Charles B. Glover, executor of Vinyard, about $5,000.” When we recur to. the principal of that debt, and find that it but slightly exceeded $4,000, and compare it with the sum thus roundly provided for, we can hardly suppose that the provision was intended to be restricted to the precise amount of the principal, and that this was not intended, becomes more probable, when we remember that the direction to pay was given, not so much with reference to the amount due to the creditor, or to the form of his security, as to the consideration, or “cause of indebtedness,” on which his claim rested. What was due him for money borrowed was to be paid, much or little.
That sum was ascertained by the memorandum cheque, operating as a statement in writing between the parties of the sum due from the one to the other. If for money advanced, or paid, laid out and expended, the party to be charged admit in writing the amount due, or if an account be stated between *446 the parties and the balance struck, there is no doubt interest accrues from the time. ■
Some reliance is placed on the fact that this was a memo- ( randum cheque, such as it is the custom of tradesmen to take as convenient means for short settlements between themselves, and on which it is not usual to charge interest. No doubt in such daily or weekly settlements, the interest which is trifling is not considered. But if there is unusual or unreasonable delay, there is nothing to prevent them from insisting on the legal incidents of the security given, whether it bear the form of cheque, note or bond. It is neither illegal nor unreasonable that they should do so in such a case.
It is ordered that the decree be affirmed and the appeal dismissed.
Dunkin and Wardlaw, CC., concurred.

Appeal dismissed.